UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE TOWN ASSOCIATES S.A.,

    Plaintiff,

v.

ABAKAN, INC. and MESOCOAT, INC.,

    Defendants.

Case No. 15-CV-3435 (DLC) (JLC)

8/14/2015

## ~~TEMPORARY RESTRAINING ORDER AND~~ APPOINTMENT OF RECEIVER

Plaintiff, George Town Associates S.A. ("George Town") has filed a Complaint seeking damages and equitable relief ("Complaint"), and has moved, pursuant to Rules 65 and 66 of the Federal Rules of Civil Procedure, for a Temporary Restraining Order, Preliminary Injunction, and Appointment of Receiver ("George Town's Motion"), against Defendants, Abakan, Inc. ("Abakan") and MesoCoat, Inc. ("MesoCoat") (collectively, "Defendants").

### Findings

The Court has considered the pleadings, declarations, exhibits, and memoranda filed by the parties and ~~support of George Town's Motion, Defendants' responses thereto,~~ conducted an evidentiary hearing on August 14, 2015, and finds that:

1. This Court has jurisdiction over the subject matter of this case and all parties thereto;

2. There is good cause to believe that absent the relief requested herein, George Town will suffer irreparable injury;

1

3. There is good cause to believe Abakan defaulted the secured promissory note at issue in this action, and that George Town is therefore likely to prevail on the merits of this action, and weighing the equities and considering George Town's likelihood of ultimate success favors George Town's requested relief; and for the reasons stated on the record on 8/14/15;

4. ~~It is in the public interest that the Court enter a Temporary Restraining Order;~~

5. Therefore, the Court hereby restrains Defendants from performing any of the following actions outside its ordinary business without George Town's consent, which will not be unreasonably withheld, as set forth in the secured promissory note between George Town and Abakan, which MesoCoat guaranteed:

   a) Paying, declaring, or setting apart for such payment, any dividend or other distribution (whether in cash, property or other securities) on shares of capital stock other than dividends on shares solely in the form of additional shares; or, directly or indirectly or through any subsidiary, making any other payment or distribution in respect of its capital stock except for distributions pursuant to any shareholders' rights plan which is approved by a majority of disinterested directors;

   b) Repurchasing or otherwise acquiring (whether for cash or in exchange for property or other securities or otherwise) in any one transaction or series of related transactions any shares of Defendants' capital stock or any warrants, rights or options to purchase or acquire any such shares;

   c) Incurring any indebtedness, or otherwise assuming, guaranteeing, endorsing, contingently agreeing to purchase or otherwise becoming liable for the indebtedness of any other person, firm, partnership, joint venture or corporation, or grant or suffer to exist any lien on its assets, except only with respect to indebtedness expressly referenced in the Note, indebtedness to trade creditors or financial institutions incurred in the ordinary course of business and consistent with past practice, or borrowings for which the proceeds shall be used to repay George Town's Note;

   d) Issuing any equity securities of Defendants, or any securities that are convertible, exercisable or exchangeable into equity securities of Defendants, except shares of common stock that are issuable (a) under any employee equity incentive plans in effect prior to the date of the Note, or (b) upon the exercise or conversion of securities that were outstanding prior to the date of the Note, provided that in each such case, issuances are made in accordance with the terms of the underlying plan or securities documents as in effect prior to the date of

2

the Note and not pursuant to terms that have been amended after the date of this Note;

e) Selling, leasing or otherwise disposing of any significant portion of assets outside the ordinary course of business; and

f) Lending any additional money, giving any additional credit, or making any additional advances to any person, firm, joint venture or corporation, including, without limitation, Defendants' officers, directors, employees, subsidiaries and affiliates.

6. No security or bond is required of George Town for issuance of a restraining order.

7. ~~For the same reasons,~~ good cause exists for appointment of a receiver over MesoCoat with the following powers, as set forth in the security agreement between the parties:

a) Holding cash and payment obligations in trust for George Town;

b) Taking possession of the collateral and, for that purpose, entering, with the aid and assistance of any person, any premises where the collateral is or may be placed and remove the same;

c) Exercising discretion in all voting and consensual rights of MesoCoat, receiving cash dividends, interest, and other payments on the collateral, and exercising all rights with respect to the collateral as if it were the sole and absolute owner thereof;

d) Operating MesoCoat's business using the collateral and to assign, sell, lease, or otherwise dispose of all or any part of the collateral, without demand upon or notice to MesoCoat;

e) Notifying MesoCoat's account debtors and obligors to make payments directly to George Town, and enforcing MesoCoat's rights against such account debtors and obligors;

f) Directing any financial intermediary or any other entity holding any investment property to transfer the same to George Town;

g) Transferring all intellectual property registered in MesoCoat's name with the U.S. Patent and Trademark Office (or the U.S. Copyright Office) into George Town's name;

h) Disposing of the collateral; and

i) Using, licensing, or sublicensing any intellectual property owned by MesoCoat.

3

IT IS, THEREFORE, HEREBY ORDERED that Defendants, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained from violating any of the restrictions provided herein.

IT IS FURTHER ORDERED that Robert W. Seiden is appointed as receiver of MesoCoat with all powers as provided herein, pending the resolution of this matter.

SO ORDERED, this ____ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE

4