# LAW OFFICES OF STEVEN E. ROSENFELD, PC
## 767 THIRD AVENUE – 30TH FLOOR
## NEW YORK, NEW YORK 10017
## O.: (212) 953-1600 F.: (212) 953-1801
### E-MAIL: STEVEN@LAWROSENFELD.com

| | |
|---|---|
| STEVEN E. ROSENFELD, ESQ.* <br> ISAIAH JUSTE, ESQ. | OF COUNSEL <br> MARY LOU CHATTERTON, ESQ. |
| *ALSO ADMITTED IN NEW JERSEY | NEW JERSEY OFFICE <br> 16 BENNETT ROAD <br> TEANECK, NEW JERSEY 07666-5543 |
| | PLEASE REPLY TO NEW YORK, NY |

August 26, 2015

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Courtroom 15-B
New York, New York 10007-1312

Re:   **Abakan, Inc., and MesoCoat, Inc.** *adv.* **George Town Associates, SA**
      **Case No. : 15-cv-3435 (DLC)**

Dear Judge Cote:

Please be advised that this Firm represents Abakan, Inc., and MesoCoat, Inc. ("Defendants") in connection with the above referenced matter.

By letter dated August 20, 2015, Douglas, Gross, Esq., counsel for George Town Associates, SA, ('GTA") advised both Abakan, Inc., ("Abakan") and MesoCoat, Inc., ("MesoCoat"), that he was providing Defendants with seven (7) days' notice that the Receiver intends to incur further debt on behalf of MesoCoat by entering into a new and additional senior secured loan of up to $500,000 with Plaintiff GTA. The letter indicates that Robert W. Seiden, as court appointed Receiver, intends to execute the loan documents on behalf of MesoCoat. (A copy of which is attached a Exhibit "A").

Abakan and Mesocoat object to this proposed loan. This proposed loan is **_not_** within the enumerated powers of the Receiver as set forth in paragraph 4 of the Court's Order dated August 18, 2015. The Receiver has no right to incur further debt under the powers set forth in the Court's Order. The Court appointed Mr. Seiden as a Receiver to act as a fiduciary to the company and marshal assets in order to repay GTA's loan, not to incur further debt. The Receiver's proposal is even more curious as the Receiver entered into the arrangement prior to even reviewing Mesocoat's books and records, which occurred yesterday, August 25, for the first time. Further, Mesocoat was able to meet its payroll last week because of funds provided by

{10649/00412187.1}

Abakan.

The proposed transaction is not in the best interest of Mesocoat. It is unclear why the Receiver seeks to borrow money from GT on Mesocoat's behalf and has not provided the Defendants, or the Court, with any explanation. Mesocoat's first priority should be to satisfy the outstanding judgment against it to avoid foreclosure by GT. It appears that GT seeks to lend additional monies to prevent Mesocoat from satisfying the judgment. To the Defendants' knowledge, the Receiver has made no effort to obtain unsecured financing in lieu of this additional secured loan or to obtain financing from other sources with less onerous terms prior to seeking to enter into this transaction.

On a more minor issue, the notice letter is also technically deficient, as the notice is written by GT's counsel and not the Receiver. The Court's Order requires the Receiver to provide 7 days' notice, not the Plaintiff.

We respectfully request that the Court sustain the Defendants' objection and prevent this proposed transaction from going forward as it is far beyond the powers of the Receiver set forth in the Court's Order.

While we recognize that this matter in chief is closed, we specifically refer to Your Honor's Order of August 18, 2015 curtailing the powers of the Receiver and respectfully request that Defendants' application to deny this relief be granted in all respects.

As always, we thank the Court for its courtesies in this regard.

Respectfully submitted,
Law Offices of Steven E. Rosenfeld, P.C.

By: /s/ EM
Steven E. Rosenfeld

SER:sc/Enclosure

cc: Douglas Gross, Esq. (via email)
David Guerrero Liston, Esq. (via email)

{10649/00412187.1}