

# GOETZ FITZPATRICK LLP

Attorneys at Law    www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | 212-695-8100 | (F) 212-629-4013

Maxwell J. Rubin
mrubin@goetzfitz.com

August 28, 2015

**VIA ECF**
Honorable Denise L. Cote
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: *George Town Associates S.A. v. Abakan, Inc. et al.*, **No. 15-cv-3435**

Dear Judge Cote:

  We represent George Town Associates S.A. ("George Town"), the Plaintiff in the above-referenced matter. We write in response to Defendants' letter of August 26 in which they challenge the decision of Mr. Robert Seiden, the Court-appointed Receiver over MesoCoat ("Mr. Seiden" or the "Receiver"), to enter into a loan on MesoCoat's behalf. (Dkt. 101).

  This Court appointed Mr. Seiden as the Receiver over MesoCoat following an evidentiary hearing where Your Honor found Defendants in contempt of the Court's Preliminary Injunction. (Dkt. 98). Shortly after Mr. Seiden's appointment, George Town became aware that MesoCoat is in dire financial distress, without any realistic ability to meet its expectations. To preserve MesoCoat's assets (as well as George Town's interest in the collateral), additional funds are immediately necessary to allow MesoCoat to satisfy business expenses, such as meeting payroll and paying its bills. In accordance with the Court's Order, seven days' notice was given to the parties that the Receiver intends to execute a loan on MesoCoat's behalf. (Dkt. 100).

  By way of their letter, Defendants are yet again (*see* Dkt. 97) challenging the Receiver's authority and obstructing his ability to carry out his duties. Defendants are wrong to claim the Court did not grant the Receiver the power to enter into a loan on MesoCoat's behalf. In particular, the Court's Order provides Mr. Seiden the power to, *inter alia*, take possession of the collateral, exercise discretion in all voting and consensual rights of MesoCoat, exercise all rights with respect to the collateral as if he were the sole and absolute owner thereof, operate MesoCoat's business using the collateral and assign, sell, lease, or otherwise dispose of any or any part of the collateral, and to dispose of the collateral. (Dkt. 98).

  Further, Section 7.1(c) of the Security Agreement (upon which the Court's Order is based) clarifies the foregoing powers as permitting a receiver to operate MesoCoat's business using the collateral to assign, sell, lease or otherwise dispose of and deliver the collateral for cash or on credit. Section 14 of the Security Agreement even affords a receiver "with power, in the

name of the Secured Party or [MesoCoat], to, after the occurrence and during the continuation of an Event of Default, (i) endorse any note ... in respect of the Collateral ... [and] to execute and deliver any and all documents and instruments and to do all acts and things which the Secured Party deems necessary to protect, preserve and realize upon the Collateral and Security Interest." Defendants even "waive any and all rights that they may have to a judicial hearing in advance of the enforcement of any of the Secured Party's rights and remedies hereunder" under Section 7.2 of the Security Agreement.

The proposed loan is in line with these very purposes of protecting and preserving MesoCoat and the collateral. As the Receiver seeks to enter into a borrowing to pay for "various necessary expenses" to maintain MesoCoat and George Town's collateral, the Court should permit the Receiver to execute the proposed loan on MesoCoat's behalf. *See East N.Y. Sav. Bank v. 305 Convent Realty Corp.*, 197 A.D.2d 415 (N.Y. 1st Dep't 1993).

We thank the Court for its time and consideration.

Respectfully yours,

GOETZ FITZPATRICK LLP

By: _____

Maxwell Rubin

cc: All counsel of record (via ECF)