# EXHIBIT A

# SATISFACTION AND ASSIGNMENT AGREEMENT

This Satisfaction and Assignment Agreement (this "**Agreement**") is made and entered into this ____ day of November, 2015 (the "**Effective Date**") by and among Abakan, Inc., a Nevada corporation ("**Abakan**") and MesoCoat, Inc. a Nevada corporation ("**MesoCoat**") and creditors George Town Associates S.A. ("**George Town**") and Sonoro Invest S.A. ("**Sonoro**") (George Town and Sonoro collectively, the "**Creditors**" and together with Abakan and MesoCoat, the "**Parties**" and individually a "**Party**").

## RECITALS

WHEREAS, Abakan and MesoCoat owe at least $1.78 million to secured creditor George Town as set forth in a judgment duly entered by the United States District Court for the Southern District of New York on August 18, 2015. George Town made an additional senior secured loan to MesoCoat on September 3, 2015 of up to $500,000, which shall survive this agreement, remain in effect and outstanding pursuant to its terms and is explicitly not part of this agreement;

WHEREAS, Abakan owes at least $3.215 million to senior creditor Sonoro as set forth in a judgment duly entered by the United States District Court for the Southern District of Florida on October 8, 2015 (together with the indebtedness to George Town, the "**Claims**");

WHEREAS, MesoCoat is a wholly owned subsidiary of Abakan;

WHEREAS, judgment creditor George Town has a security interest in all of the assets of MesoCoat (with certain exceptions) and is authorized to and has taken possession of the assets of MesoCoat which are currently held in trust for George Town's benefit by the Federal Court appointed receiver of Abakan and MesoCoat - Robert W. Seiden (the "**Receiver**").

WHEREAS, the Receiver obtained an independent valuation report of MesoCoat indicating that the fair value of the equity of MesoCoat is $3,584,107 as of August 31, 2015;

WHEREAS, MesoCoat guaranteed Abakan's obligations to George Town;

WHEREAS, as set forth herein, George Town and Sonoro have reached an intercreditor agreement regarding the debts owed to each Creditor by Abakan and MesoCoat; and

WHEREAS, Abakan and MesoCoat desire to satisfy the Claims in full by making certain transfers to the Creditors, pursuant to the terms of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Consideration; Satisfaction and Discharge**.

    a. **Consideration**. Abakan and MesoCoat hereby make the following transfers (together with the covenants and obligations of paragraphs 5 and 6 herein, the "**Consideration**") in consideration of the Creditors' discharge of Abakan and MesoCoat from their obligations to pay the Claims, as contemplated herein:

        i. **Transfer of MesoCoat Stock**. Abakan hereby conveys and transfers all of its stock and ownership in MesoCoat, free and clear of all liens, claims

    and encumbrances, being one hundred percent (100%) of all issued and outstanding stock of MesoCoat ("**MesoCoat Stock**"), to the Creditors, and hereby irrevocably authorizes the transfer agent to transfer the MesoCoat Stock on the books of MesoCoat, with full power of substitution, to the Creditors, as set forth in Section 2 below.

   ii. **Assignment**. Abakan and MesoCoat hereby assign, convey, and transfer any and all claims, causes of action, actions, judgments, and suits, accruing prior to the Effective Date, whether legal or equitable, and whether based in contract or tort or otherwise, that Abakan and MesoCoat may have against third parties, including without limitation, claims against professionals ("**Third Party Claims**"), to Creditors, to be held and owned as set forth in Section 2 below.

  b. **Satisfaction and Discharge**. The Creditors hereby accept the Consideration in full satisfaction of the Claims and discharge Abakan and MesoCoat from any further obligation to pay the Claims.

2. **Ownership**. The Creditors hereby agree that they shall own and hold (i) the MesoCoat Stock, and (ii) the Third Party Claims, on an equal basis (50% each). Although George Town is a secured party, it explicitly and knowingly agrees to this arrangement with Sonoro; and although Sonoro's claim against Abakan is significantly larger than George Town's claim, Sonoro recognizes that as a secured creditor George Town's claim may have priority over its own claim and therefore explicitly and knowingly agrees to this arrangement with George Town.

3. **Abakan and MesoCoat Release**. Abakan hereby releases and forever discharges MesoCoat, and Abakan and MesoCoat hereby release and forever discharge the Creditors and the Creditors' principals, directors, officers, members, owners, shareholders, employees, consultants, advisors, attorneys and affiliates (collectively, the "**Releasees**" including MesoCoat to the extent applicable) from any and all demands, claims, liabilities, debts, inter-company loans and /or advances, causes of action, actions, judgments, and suits, whether based in law or equity, whether accruing before or after the Effective Date, whether based in contract or tort or otherwise, that Abakan or MesoCoat may have against the Releasees.

4. **Receiver Release**. The Creditors hereby release and forever discharge the Receiver, from any and all demands, claims, liabilities, causes of action, actions, judgments, and suits, whether based in law or equity, whether accruing before or after the Effective Date, whether based in contract or tort or otherwise, that Creditors may have against the Receiver.

5. **Garnishment Transfer**. In connection with its Claim, George Town garnished certain bank accounts of Abakan and MesoCoat. George Town hereby agrees to convey and transfer any monies received from such garnishment(s) to MesoCoat.

6. **Powdermet, Inc. Payments**. Abakan agrees that any and all cash installment payments it is entitled to receive from Powdermet, Inc. ("**Powdermet**") on or after the Effective Date of this Agreement shall be made by Powdermet directly to MesoCoat without offset of any kind, pursuant to instructions to be provided from the Receiver.

7. Upon execution of this agreement the Creditors shall, to the extent applicable, file Satisfactions of Judgment for any judgment that they hold against Abakan or MesoCoat.

8. No later than fourteen (14) days subsequent to the execution of this Agreement, the receiverships shall terminate and the Receiver shall file his final accountings with the Court.

9. **Entire Agreement**. This Agreement, together with the schedule attached hereto, contains all of the agreements of the Parties hereto with respect to the subject matter hereof and no prior agreement, understanding or representation pertaining to any such matter shall be effective for any purpose. No provision of this Agreement may be amended except in writing signed by the Parties hereto.

10. **Counterparts**. This Agreement may be executed in any number of counterparts with the same effect as if all Parties hereto had signed the same document. All such counterparts shall be construed together and shall constitute one instrument.

11. **Binding Contract**. The terms and provisions hereof shall be binding upon and inure to the benefit of the Parties hereto, their transferees, representatives, successors and assigns.

12. **Authority**. The Parties hereby represent and warrant that they have all necessary power and authority to execute and deliver this Agreement.

13. **Governing Law**. This Agreement shall be construed and interpreted in accordance with the laws of the State of New York. The Parties agree that venue shall only be proper in the federal courts located in New York, NY.

14. **Captions**. The captions and headings of the numbered paragraphs of this Agreement are inserted solely for the convenience of the Parties and are not a part of this Agreement and shall have no effect upon the construction or interpretation of any part hereof.

15. **Severability**. If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

[*Signature page to follow*]

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

| | |
|---|---|
| **ABAKAN, INC.** | **ACKNOWLEDGED AND AGREED TO:** |
| | **MESOCOAT, INC.** |
| By:_____ <br> Name: <br> Title: | By:_____ <br> Name: <br> Title: |

**CREDITORS**

**GEORGE TOWN ASSOCIATES S.A.**

By: _____
Name:
Title:

**SONORO INVEST S.A.**

By: _____
Name:
Title: