UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



GEORGE TOWN ASSOCIATES S.A.,

    Plaintiff,

v.

ABAKAN, INC. and MESOCOAT, INC.,

    Defendants.

Case No. 15-cv-3435-(DLC)

[PROPOSED] ORDER GRANTING MOTION FOR TERMINATION OF RECEIVERSHIPS UPON APPROVAL OF SATISFACTION OF DEBT

THIS MATTER having come before the Court on November 3, 2015, on Plaintiff George Town Associates S.A.'s Motion for Termination of Receiverships upon Approval of Satisfaction of Debt as subsequently modified (the "Motion") (Dkt. 215), pursuant to which the Court is asked to (1) authorize Robert Seiden, the equity receiver (the "Receiver") appointed by this Court for each of the Defendants, to enter into a Satisfaction and Assignment Agreement providing for the transfer of 77.5% of the equity of MesoCoat to George Town Associates S.A., Sonoro Invest S.A., Joe Eberhard and the Abakan Petitioning Creditors in exchange for the release, satisfaction or assumption of certain secured and unsecured claims against MesoCoat and Abakan exceeding the aggregate sum of $6.2 million, and (2) to terminate the receivership over Defendants in this action and dismiss this case, and the Court having found that the notice of the Motion given to the Defendants' secured creditors, unsecured creditors, shareholders, and other interested parties was fair, sufficient, appropriate, and adequate under the circumstances, and the Court having considered all objections to the Motion, and the Court having considered the withdrawal of the objection filed by the Petitioning Creditors and their request for approval of the Motion, and the Court having independently reviewed the fairness of the proposed satisfaction and having requested certain changes which the parties incorporated, and the Court

having determined that the proposed satisfaction is for fair value and is fair, equitable, and for reasonably equivalent value to the creditors and shareholders of both MesoCoat and Abakan under the circumstances, and the Court having determined that entering and consummating the proposed satisfaction is within the authority of the Receiver, and the Court being advised in the premises,

IT IS ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that the Receiver is authorized to enter into and consummate the Satisfaction and Assignment Agreement *presented to the Court on 12/15/15*.

IT IS FURTHER ORDERED that, unless the Court orders otherwise for cause shown, all creditors, shareholders, and Defendants' respective boards of directors are enjoined from filing any voluntary or involuntary bankruptcy petition for or against Abakan prior to ninety-one (91) days following the consummation of the Satisfaction and Assignment Agreement.

IT IS FURTHER ORDERED that the receivership over Defendants pursuant to this Court's Orders (Dkt. 98, 142), shall terminate upon expiration of ninety-one (91) days following consummation of the Satisfaction and Assignment Agreement, within such time the Receiver shall submit a final accounting. Upon receipt of the final accounting, this case is dismissed pursuant to Fed.R.Civ.P. 66.

SO ORDERED:

Dated: New York, New York
*December 18, 2015*

_____
DENISE COTE
United States District Judge