## SATISFACTION AND ASSIGNMENT AGREEMENT

January 2016

This Satisfaction and Assignment Agreement (this "**Agreement**") is made and entered into this 4th day of ~~December, 2015~~ (the "**Effective Date**") by and among Abakan, Inc., a Nevada corporation ("**Abakan**") and MesoCoat, Inc. a Nevada corporation ("**MesoCoat**"), and creditors George Town Associates S.A. ("**George Town**"), Sonoro Invest S.A. ("**Sonoro**"), Joseph T. Eberhard ("**Eberhard**"), and the Abakan Petitioning Creditors (as hereinafter defined) (George Town, Sonoro, Eberhard and the Abakan Petitioning Creditors, collectively, the "**Creditors**", and together with Abakan and MesoCoat being hereinafter collectively referred to as the "**Parties**" and individually a "**Party**").

### RECITALS

WHEREAS, Abakan and MesoCoat owe at least $1.78 million to secured creditor George Town as set forth in a judgment duly entered by the United States District Court for the Southern District of New York on August 18, 2015. George Town made an additional senior secured loan to MesoCoat on September 3, 2015 of up to $500,000, which shall survive this Agreement, remain in effect and outstanding pursuant to its terms and is explicitly not part of this Agreement;

WHEREAS, Abakan owes at least $3.215 million to senior creditor Sonoro as set forth in a judgment duly entered by the United States District Court for the Southern District of Florida on October 8, 2015;

WHEREAS, Abakan owes approximately $850,000.00 to Eberhard pursuant to two promissory notes from Abakan to Eberhard;

WHEREAS, Abakan owes approximately $357,209.00 in the aggregate () to David van der Gulik, Warren Lydon, Philip Graves, Paul Ammon, Ammon & Associates, and Vladimir Chernyakov (collectively, the "**Abakan Petitioning Creditors**");

WHEREAS, MesoCoat owes approximately $42,000.00 in the aggregate (together with the indebtedness to George Town, Sonoro, Eberhard, and the Abakan Petitioning Creditors, the "**Claims**") to Huge Heating & Cooling Co., Inc., Mark Baumgardner Management Consulting, LLC, Ron Hymes, and Sytek Systems, Inc. (collectively, the "**MesoCoat Petitioning Creditors**")

WHEREAS, MesoCoat is a wholly owned subsidiary of Abakan;

WHEREAS, judgment creditor George Town has a security interest in all of the assets of MesoCoat (with certain exceptions) and is authorized to and has taken possession of the assets of MesoCoat which are currently held in trust for George Town's benefit by the Federal Court appointed receiver of Abakan and MesoCoat - Robert W. Seiden (the "**Receiver**").

WHEREAS, the Receiver obtained an independent valuation report of MesoCoat indicating that the fair value of the equity of MesoCoat is $3,584,107 as of August 31, 2015;

WHEREAS, MesoCoat guaranteed Abakan's obligations to George Town;

WHEREAS, as set forth herein, George Town, Sonoro, Eberhard, the Abakan Petitioning Creditors, and the MesoCoat Petitioning Creditors have reached an intercreditor agreement regarding the debts owed to each of them by Abakan and MesoCoat; and

WHEREAS, Abakan and MesoCoat desire to satisfy the Claims in full by making certain transfers to the Creditors, pursuant to the terms of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Consideration; Satisfaction and Discharge**.

   a. **Consideration**. Abakan and MesoCoat hereby make the following transfers (together with the covenants and obligations of Sections 5 and 6 hereof, the "**Consideration**") in consideration of the Creditors' discharge of Abakan and MesoCoat from their obligations to pay the Claims, as contemplated herein:

      i. **Transfer of MesoCoat Stock**. Abakan hereby conveys and transfers seventy-seven and 50/100 percent (77.5%) of its stock and ownership in MesoCoat, free and clear of all liens, claims and encumbrances, being seventy-seven and 50/100 percent (77.5%) of all issued and outstanding stock of MesoCoat ("**MesoCoat Stock**"), to the Creditors, and hereby irrevocably authorizes the transfer agent to transfer such seventy-seven and 50/100 percent (77.5%) of the MesoCoat Stock (the "**Transferred Stock**") on the books of MesoCoat, with full power of substitution, to the Creditors.

      ii. **Claims of the MesoCoat Petitioning Creditors**. Within fourteen (14) days of the closing of this Agreement, MesoCoat shall pay in full the claims of the MesoCoat Petitioning Creditors.[1]

   b. **Satisfaction and Discharge**. The Creditors hereby accept the Consideration in full satisfaction of the Claims and discharge Abakan and MesoCoat from any further obligation to pay the Claims.

   c. **Ownership of MesoCoat Stock**. The Parties hereby agree that from and after the transfer of MesoCoat Stock described herein, the ownership of the MesoCoat Stock shall be as follows:

   | | |
   |---|---|
   | George Town: | 38.75% |
   | Sonoro: | 28.17% |
   | Eberhard: | 7.44% |
   | Abakan Petitioning Creditors: | 3.14%[2] |
   | Abakan: | 22.50% |
   | Total: | 100.00% |

2. **Acknowledgments**.  Although George Town is a secured party, it explicitly and knowingly agrees to this arrangement with the other Creditors; and although Sonoro's claim against Abakan is significantly larger than George Town's and Eberhard's claims, Sonoro

---

[1] The claims owed each of the MesoCoat Petitioning Creditors to be paid in full are as follows: Huge Heating & Cooling Co., Inc.: $9,557.54; Mark Baumgardner Management Consulting, LLC: $3,367.83; Ron Hymes: $9,995; and Sytek Systems, Inc.: $18,981.72.

[2] This 3.14% portion of the MesoCoat Stock shall be divided among the Abakan Petitioning Creditors on a pro rata basis based upon the amount of their claims as follows: David van der Gulik: $81,829.60; Warren Lydon: $25,000; Philip Graves: $94,480; Paul Ammon: $105,000; Ammon & Associates: $20,000; and Vladimir Chernyakov: $30,900.

recognizes that as a secured creditor George Town's claim may have priority over its own claim and therefore explicitly and knowingly agrees to this arrangement with the other Creditors. Eberhard and the Abakan Petitioning Creditors also explicitly and knowingly agree to this arrangement given that their claims are unsecured and smaller than the claims of the other Creditors.

3. **Abakan and MesoCoat Release**. Abakan hereby releases and forever discharges MesoCoat, and Abakan and MesoCoat hereby release and forever discharge George Town, Sonoro and Eberhard, and their respective principals, directors, officers, members, owners, shareholders, employees, consultants, advisors, attorneys and affiliates (collectively, the "**Releasees**" including MesoCoat to the extent applicable) from any and all demands, claims, liabilities, debts, inter-company loans and /or advances, causes of action, actions, judgments, and suits, whether based in law or equity, whether accruing before or on the Effective Date, whether based in contract or tort or otherwise, that Abakan or MesoCoat may have against the Releasees.

4. **Abakan Petitioning Creditors and MesoCoat Petitioning Creditors Release**. Except as otherwise provided herein, the Abakan Petitioning Creditors and the MesoCoat Petitioning Creditors (collectively, the "**Petitioning Creditors**") hereby release and forever discharge Abakan, MesoCoat, George Town, Sonoro, and Eberhard and their respective principals, directors, officers, members, owners, shareholders, employees, consultants, advisors, attorneys and affiliates (collectively, the "**Releasees of Petitioning Creditors**" including MesoCoat to the extent applicable) from any and all demands, claims, liabilities, debts, inter-company loans and /or advances, causes of action, actions, judgments, and suits, whether based in law or equity, whether accruing before or on the Effective Date, whether based in contract or tort or otherwise, that Petitioning Creditors may have against the Releasees of Petitioning Creditors. To the extent any of the Petitioning Creditors own stock in Abakan, this Agreement shall not impair such ownership. George Town, Sonoro, Abakan, and MesoCoat agree to not pursue claims before Judge Cristol against Petitioning Creditors or their counsel, Linda Leali, Esq., under section 303 of the Bankruptcy Code. In the event Petitioning Creditors participate in another involuntary bankruptcy as against Abakan and/or MesoCoat, then the obligation of George Town, Sonoro, Abakan, and/or MesoCoat to refrain from pursuing Petitioning Creditors and/or their counsel Linda Leali, Esq. under section 303 of the Bankruptcy Code shall be extinguished and all monies and equities received pursuant to this Agreement shall be forfeited and remitted to George Town. The Petitioning Creditors explicitly and knowingly agree and hereby acknowledge that they are not released from any demands, claims, liabilities, debts, inter-company loans and /or advances, causes of action, actions, judgments, and suits, whether based in law or equity, whether accruing before or on the Effective Date, whether based in contract or tort or otherwise.

5. **Receiver**. The Creditors hereby release and forever discharge the Receiver, from any and all demands, claims, liabilities, causes of action, actions, judgments, and suits, whether based in law or equity, whether accruing before or after the Effective Date, whether based in contract or tort or otherwise, that Creditors may have against the Receiver.

6. **Garnishment Transfer**. In connection with its Claim, George Town garnished certain bank accounts of Abakan and MesoCoat. George Town hereby agrees to convey and transfer any monies received from such garnishment(s) to MesoCoat.

7. **Powdermet, Inc. Payments**. Abakan agrees that any and all cash installment payments it is entitled to receive from Powdermet, Inc. ("**Powdermet**") on or after the Effective Date in accordance with the Settlement and Exchange Agreement between Abakan and Powdermet dated as of July 23, 2015, shall be made by Powdermet directly to MesoCoat without offset of any kind, pursuant to instructions to be provided from the Receiver. Nothing herein shall affect any remaining ownership interest Abakan may have in Powdermet stock.

8. **Satisfactions of Judgment**. Upon execution of this Agreement the Creditors shall, to the extent applicable, file Satisfactions of Judgment for any judgment that they hold against Abakan or MesoCoat.

9. **Termination of Receiverships**. Ninety-one (91) days after the Effective Date, the receiverships shall terminate and the Receiver shall file his final accountings with the Court.

10. **Entire Agreement**. This Agreement, together with the schedule attached hereto, contains all of the agreements of the Parties hereto with respect to the subject matter hereof and no prior agreement, understanding or representation pertaining to any such matter shall be effective for any purpose. No provision of this Agreement may be amended except in writing signed by the Parties hereto.

11. **Counterparts**. This Agreement may be executed in any number of counterparts with the same effect as if all Parties hereto had signed the same document. All such counterparts shall be construed together and shall constitute one instrument.

12. **Binding Contract**. The terms and provisions hereof shall be binding upon and inure to the benefit of the Parties hereto, their transferees, representatives, successors and assigns.

13. **Authority**. The Parties hereby represent and warrant that they have all necessary power and authority to execute and deliver this Agreement.

14. **Governing Law**. This Agreement shall be construed and interpreted in accordance with the laws of the State of New York. The Parties agree that venue shall only be proper in the federal courts located in New York, NY.

15. **Captions**. The captions and headings of the numbered paragraphs of this Agreement are inserted solely for the convenience of the Parties and are not a part of this Agreement and shall have no effect upon the construction or interpretation of any part hereof.

16. **Severability**. If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

ABAKAN, INC.

By: _____
Name: Robert W. Seiden, ESQ
Title: As Court Appointed Receiver for Abakan, Inc and not in individual capacity.

ACKNOWLEDGED AND AGREED TO:

MESOCOAT, INC.

By: _____
Name: Robert W. Seiden, ESQ.
Title: As Court Appointed Receiver for MesoCoat, Inc. and not in individual capacity.

**CREDITORS:**

**GEORGE TOWN ASSOCIATES S.A.:**

By: _[signature]_____
Name:
Title:

**SONORO INVEST S.A.:**

By: _____
Name:
Title:

**EBERHARD:**

_____
Joseph T. Eberhard, individually

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

**CREDITORS:**

**GEORGE TOWN ASSOCIATES S.A.:**

By: _____
Name:
Title:

**SONORO INVEST S.A.:**

By: _____
Name: Anton Wyss
Title: Director

**EBERHARD:**

_____
Joseph T. Eberhard, individually

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

**CREDITORS:**

**GEORGE TOWN ASSOCIATES S.A.:**

By: _____
Name:
Title:

**SONORO INVEST S.A.:**

By: _____
Name:
Title:

**EBERHARD:**

_/s/ Joe T. Eberhard_

Joe T. ~~Joseph T.~~ Eberhard, individually

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

**ABAKAN PETITIONING CREDITORS**:

_____
David van der Gulik

_____
Warren Lydon

_____
Philip Graves

_____
Paul Ammon

_____
Vladimir Chernyakov

AMMON & ASSOCIATES

By_____
       Name:
       Title:

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

**ABAKAN PETITIONING CREDITORS:**

_____          _____
David van der Gulik                      Warren Lydon


*[signature]*
_____          _____
Philip Graves                            Paul Ammon


_____          **AMMON & ASSOCIATES**
Vladimir Chernyakov

By_____
      Name:
      Title:


**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

**ABAKAN PETITIONING CREDITORS:**

_____
David van der Gulik

_____
Warren Lydon

_____
Philip Graves

*[signature]*
_____
Vladimir Chernyakov

_____
Paul Ammon

AMMON & ASSOCIATES

By_____
    Name:
    Title:

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

ABAKAN PETITIONING CREDITORS:

_____        *Warren D Lydon* (signature)
David van der Gulik                   _____
                                      Warren Lydon


_____        _____
Philip Graves                         Paul Ammon


                                      AMMON & ASSOCIATES
_____
Vladimir Chernyakov
                                      By_____
                                              Name:
                                              Title:


**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**



**ABAKAN PETITIONING CREDITORS:**

_____  
David van der Gulik

_____  
Philip Graves

_____  
Vladimir Chernyakov

_____  
Warren Lydon

_____*Paul Ammon*_____  
Paul Ammon

AMMON & ASSOCIATES

By __*Paul Ammon*__  
Name:  
Title: *President*

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

**MESOCOAT PETITIONING CREDITORS**:

HUGE HEATING & COOLING CO., INC.

By _____
Name: DAVID BRENNEIS
Title: PRESIDENT

MARK BAUMGARDNER
MGMT. CONSULTING, LLC

By _____
    Name:
    Title:

_____
Ron Hymes

SYTEK SYSTEMS, INC.

By _____
    Name:
    Title:

**MESOCOAT PETITIONING CREDITORS:**

HUGE HEATING & COOLING CO., INC.

By_____
Name:
Title:

*(signed)* Ron Hymes

MARK BAUMGARDNER
MGMT. CONSULTING, LLC

By_____
Name:
Title:

SYTEK SYSTEMS, INC.

By_____
Name:
Title:

**MESOCOAT PETITIONING CREDITORS:**

HUGE HEATING & COOLING CO., INC.

By_____
Name:
Title:

MARK BAUMGARDNER
MGMT. CONSULTING, LLC
By *Mark T Baumgardner*
Name: MARK T. BAUMGARDNER
Title: PRINCIPAL

_____
Ron Hymes

SYTEK SYSTEMS, INC.

By_____
Name:
Title:

**MESOCOAT PETITIONING CREDITORS:**

HUGE HEATING & COOLING CO., INC.

By_____
Name:
Title:

MARK BAUMGARDNER
MGMT. CONSULTING, LLC

By_____
Name:
Title:

_____
Ron Hymes

SYTEK SYSTEMS, INC.

By _*signature*_
Name: William C. Connors
Title: VP